UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Pablo Guzman, individually, and on behalf of all others similarly situated;

                                            Plaintiff,

-against-

Misti's Transport, Inc., Enorab, Inc., and Manuel Yanes;

                                            Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Plaintiff brings this action to recover unpaid wages, liquidated damages, pre-judgment interest, statutory damages, and reasonable attorney fees and costs from the Defendants.

2. Plaintiff was a delivery driver employed in the Defendants' business. Before filing this Complaint, the Defendants willfully committed violations of 29 U.S.C. §201 et. seq. (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL"). The Defendants failed to keep accurate time records, failed to pay the Plaintiff regular time and overtime wages by not counting certain hours worked beyond 40 in a workweek, and failed to provide the Plaintiff wage notices as required by the NYLL.

## JURISDICTION AND VENUE

3. This action arises under 29 U.S.C. §201 et. seq. (the "Fair Labor Standards Act" or "FLSA").

4. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

5. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

6. The venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendant conducts business there and the cause of action arose there.

## THE PARTIES

7. Plaintiff Pablo Guzman ("Guzman") resides at 19 North Lawn Avenue, Elmsford, NY 10523.

8. On information and belief, Misti's Transport, Inc. ("M.T.I.") is an employer as defined by 29 U.S.C. §203(d), located at 132 Fulton Street, White Plains, NY 10606.

9. On information and belief, Enorab, Inc. ("Enorab") is an employer as defined by 29 U.S.C. §203(d), located at 132 Fulton Street, White Plains, NY 10606.

10. On information and belief, Manuel Yanes ("Manuel") is an employer as defined by 29 U.S.C. §203(d), located at 132 Fulton Street, White Plains, NY 10606.

**Collective and Class Definitions**

11. Plaintiff brings each cause of action set forth herein as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former delivery drivers who performed work for Misti's Transport, Inc., Enorab, Inc., or Manuel Yanes from the facility located at 132 Fulton Street, White Plains NY, 10606, in any workweek in the past three years (the "FLSA Class").**

12. Plaintiff reserves the right to redefine the FLSA Class before class certification and after that, as necessary.

13. Plaintiffs bring each cause of action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former delivery drivers who performed work for Misti's Transport, Inc., Enorab, Inc., or Manuel Yanes from the facility located at 132 Fulton Street, White Plains NY, 10606, in any workweek in the past six years (the "New York Class").**

14. Plaintiff reserves the right to redefine the New York Class before class certification and after that, as necessary

15. Plaintiff makes all allegations herein on behalf of the FLSA Class and N.Y. Class defined in this Complaint, as amended.

## BACKGROUND FACTS

16. On information and belief, Enorab was a subcontractor that provided delivery services for the United States Parcel Service.

17. On information and belief, Manuel owned all or part of Enorab.

18. On information and belief, sometime during the past 6 years before the filing of this Complaint, Enorab became Misti's Transport, Inc.

19. On information and belief, Manuel owns all or part of Misti's Transport, Inc.

20. On information and belief, Misti's Transport, Inc. is a successor employer to Enorab.

21. On information and belief, when Manuel transferred Enorab to M.T.I, M.T.I hired all of the Enorab employees, continued all of Enorab's unlawful pay practices, and was aware of the unlawful pay practices in which Enorab engaged.

22. All facts attributed to Misti's Transport, Inc. in this Complaint are equally attributable to each of the above-captioned Defendants for the period in which each Defendant was an employing entity, as defined by 29 U.S.C. §203(d).

23. During any time whatsoever starting six years before the filing of this Complaint, Misti's Transport, Inc. could perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll

records, or (5) institute work rules for the Plaintiff to follow.

24. During any time whatsoever starting six years before the filing of this Complaint, Defendant Enorab could perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll records, or (5) institute work rules for the Plaintiff to follow.

25. During any time whatsoever starting six years before the filing of this Complaint, Defendant Manuel could perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll records, or (5) institute work rules for the Plaintiff to follow.

26. On information and belief, M.T.I had annual revenues exceeding $500,000 for the year 2020.

27. On information and belief, M.T.I had annual revenues exceeding $500,000 for the year 2019.

28. On information and belief, M.T.I had annual revenues exceeding $500,000 for the year 2018.

29. On information and belief, M.T.I regularly purchases goods from locations manufactured outside the State of New York and utilize such products within the State of New York.

30. On information and belief, M.T.I's business activities are related and performed through a unified operation of common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

31. On information and belief, during any time during the past six years, M.T.I and Enorab engaged in a combination of different activities in the course of business operation, including but not limited to: (1) delivering various items, (2) advertising and sales, (3) bookkeeping, (4) managing employees, and (5) purchasing supplies (the "Related Activities").

32. M.T.I and Enroab had an organizational structure whereby an individual or groups of individuals controled the Related Activities.

33. No Defendant kept accurate and sufficient payroll and time records that memorialized Plaintiff's pay and work hours, as required by law.

34. During the Relevant Time Period, [1] no Defendant accurately recorded Plaintiff's exact daily work start time and exact daily work end time.

35. No Defendant maintained sufficient payroll and time records to determine the Plaintiff's weekly pay and hours worked.

36. The Defendants employed Plaintiff as an employee during the Relevant Time Period.

37. The Defendants did not hire the Plaintiff as an independent contractor.

38. The Defendants provided all of the equipment and material for Plaintiff to perform his job.

39. The Defendants treated the Plaintiff as "W-2" wage earners while employed.

40. The Defendants determined the Plaintiff's work schedule and method and rate of pay.

---

[1] Relevant Time Period means any period during the six years immediately preceding this Complaint's filing.

3

41. The Defendants assigned Plaintiff the specific job duties to which he had to perform.

42. Plaintiff was not free to hire other employees to work in Plaintiff's place to perform his job duties.

**PLAINTIFF GUZMAN**[2]

43. Guzman worked for the Defendants during the Relevant Time Period.

44. Guzman stopped working for M.T.I on or around October 24, 2019.

45. Guzman performed work for Defendants during the 2019 calendar year.

46. Guzman performed work for Defendants during the 2018 calendar year.

47. Guzman performed work for Defendants during the 2017 calendar year.

48. Guzman performed work for Defendants during the 2016 calendar year.

49. Guzman performed work for Defendants during the 2015 calendar year.

50. Defendants paid Guzman by the hour.

51. Guzman worked approximately 67 hours each week the Defendants employed him.

52. Generally, each week, the Defendants did not pay Guzman for all hours worked beyond 40 hours worked in a workweek. The Defendants only paid Guzman for approximately 40 hours of work, even though he regularly worked about 67 hours per week.

53. Furthermore, the Defendants failed to pay Plaintiff every week. Instead, they paid him on a bi-weekly basis.

54. During Guzman's entire tenure of Employment with the Defendants, the Defendants did not pay Guzman an overtime premium equal to 1.5x Guzman's regular hourly wage rate for the hours he worked over 40 in a workweek.

55. Plaintiff Guzman's hourly rate of pay varied throughout his employment tenure, but the Defendants paid him over $21 per hour since January 1, 2014.

56. Defendants paid Guzman with a check.

57. On information and belief, no Defendant provided Guzman with a written notice of his pay rate at any time whatsoever.

58. On information and belief, no Defendant provided Guzman with an accurate paystub at any time.

59. Guzman never had the power to hire or fire employees, control employee work hours, or

---

[2] Plaintiff Guzman reserves the right to amend this Complaint as the lawsuit progresses. The information outlined in this Complaint are estimates based on Plaintiff's best recollection of his work history without having the benefit of being able to reference his employment records. Therefore, allegations such as rate of pay and hours worked, both of which varied during his tenure of employment, represent Plaintiff's best approximations of his work history.

otherwise control other employee work conditions.

## Collective Action Allegations

60. Plaintiff brings this lawsuit under 29 U.S.C. §216(b) as a collective action on behalf of the FLSA Class defined above.

61. Plaintiff desires to pursue Plaintiff's FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

62. Plaintiff and the FLSA Class are "Similarly Situated," as that term is used in 29 U.S.C.§216(b). All such individuals worked as delivery drivers under the Defendants' previously described standard pay practices, as outlined in this Complaint and attributed to the named Plaintiff. The Defendants did not pay Similarly Situated Plaintiffs the full and legally-mandated overtime premium wage for hours worked or continued payments at their regular rate of pay because of such practices. This action's resolution requires an inquiry into common facts, including, among other things, the Defendants' standard compensation, timekeeping, and payroll practices.

63. Specifically, the Defendants typically paid Plaintiff and the FLSA Class by not counting and paying for work hours over 40 hours in a workweek and not maintaining proper record of employee work hours. Accordingly, Plaintiff and the Similarly Situated Plaintiffs did not receive overtime pay or regular pay for the hours worked over 40 in a workweek.

64. The Defendants know the Similarly-Situated employees and can locate them through their records or the records of any payroll company that the Defendants used. The Defendants employ and employed FLSA Class Members in the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means. They can opt into this action under 29 U.S.C. §216(b) for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## Class Action Allegations

65. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of Plaintiff and the New York Class defined above.

66. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

67. Plaintiff will fairly and adequately represent and protect the New York Class's interests because there is no conflict between the claims of Plaintiff and those of the New York Class. Plaintiff's claims are typical of the New York Class' claims. Plaintiff's counsel is competent and experienced in representing a class and multi-plaintiff wage and hour claims such as this one.

68. There are questions of law and fact common to the proposed New York Class. These questions predominate over any questions affecting only individual Class members. These questions include, without limitation: whether the Defendants have violated and continue to violate the Federal and/or New York State laws through the Defendants' policy or practice of not paying its delivery drivers for any work performed beyond 40 hours in a workweek and not providing proper and adequate wage notices and paystubs.

69. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiff is a member of the New York Class; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the New York Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiff is similar to the injuries sustained by the New York Class members.

70. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

71. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in managing this class action that would preclude its maintenance as a class action. No superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from the Defendants' employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications concerning individual Class members that would establish incompatible conduct standards for the Defendants.

72. A class action is superior to other available methods for adjudicating this controversy because the joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not significant enough to enable them to maintain separate suits against the Defendants. Each class member might not have significant enough damages to justify private counsel bringing an individual claim on behalf of such individual class members. Accordingly, this is the type of case and circumstances for which the legislature enacted Rule 23.

73. Without a class action, the Defendants will retain the benefit of its wrongdoing, which will result in further damages to the Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**(Failure to pay overtime)**
**(Federal- 29 USC 201 et. seq.)**

74. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

75. The overtime wage provisions outlined in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protect the Plaintiff.

76. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

77. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime

compensation in amounts to be determined at trial and is entitled to recover such underpayments, liquidated damages, pre-judgment interest, attorneys' fees, and costs, and other compensation under the FLSA.

78. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA concerning Plaintiff's compensation.

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitation applies, under 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)

80. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

81. The overtime wage provisions of Article 19 of the NYLL and the supporting New York State regulations apply to Defendants and protect the Plaintiff.

82. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

83. By the Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

84. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## THIRD CAUSE OF ACTION
### (Failure to pay wages)
### N.Y. Lab. Law §191

85. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

86. Under NY Lab. Law §191, an employer is required to pay a manual worker like Plaintiff within one week of the employee's services.

87. Defendants failed to pay the Plaintiff their wages as required by NYLL §191 by not paying wages within the statutory time-period.

88. The Defendants violated N.Y. Lab. Law §191 by paying Plaintiff on a biweekly basis.

89. The Defendants violated N.Y. Lab. Law §191 by not paying the Plaintiff at the agreed-upon wage rate for all his hours worked over 40 in a workweek.

90. Because of the Defendants' unlawful withholding of wages, the Plaintiff suffered harm.

**FOURTH CAUSE OF ACTION**
**(Failure to provide wage notices)**
**(N.Y. Lab. Law §198(1-b) & N.Y. Lab. Law §198(1-d))**

91. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

92. Under the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer under NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

93. Defendants willfully failed to furnish the Plaintiff with an accurate statement of wages as required by NYLL §195(3). No notices contained all of the following information in a single wage statement: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including overtime hours; deductions, allowances, and net wages.

94. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, under NYLL § 198(1-b).

95. Defendants failed to provide Plaintiff a statement with each payment of wages that sets forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals, and lodging), if any, deductions, and net wages.

96. Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, under NYLL § 198(1-d).

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action under 29 U.S.C. §216(b);

B. Prompt notice, under 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C. An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

D. Unpaid wages, and an additional and equal amount as liquidated damages under the FLSA and the supporting United States Department of Labor regulations;

E. Unpaid wages under NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages under NYLL § 663;

F. Unpaid wages under NYLL §191 and an additional and equal amount as liquidated damages under the NYLL;

G. Statutory damages equal to $50 for each workday, up to a maximum of $5,000, for each workday Plaintiff was not provided a wage notice according to NYLL §198(1-b);

H. Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provided a statement of wages under NYLL §198(1-d);

I. Pre-judgment interest and post-judgment interest;

J. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

K. An injunction requiring Defendants to pay all statutorily required wages under the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

L. Reasonable attorney fees and costs of the action;

M. Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

      Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
            December 3, 2020

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
